## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  14 B 43301 |
| | ) | |
| **Stephen J. Laketek and Fran E. Laketek** | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtors | ) | Chapter 7 |
| | ) | |
| | ) | |
| **David P. Leibowitz, Trustee,** | ) | 16-A-00507 |
| Plaintiff, | ) | |
| v. | ) | |
| **Gregory Laketek** | ) | |
| Defendant | ) | |

### <u>RESPONSE TO MOTION TO VACATE DEFAULT JUDGMENT</u>

NOW COMES DAVID P. LEIBOWITZ, TRUSTEE, Plaintiff in the above-captioned adversary proceeding, and in response opposing Defendant's Rule 60(b) Motion to Vacate Default Judgment, and so states:

The Defendant has not shown sufficient grounds to proceed under the exacting standard of Rule 60(b), nor, relatedly, has the Defendant has not shown satisfactory grounds to vacate the default judgment that was entered against him. The Defendant's motion is not grounded in law, nor is it meaningfully grounded in fact. The Defendant's motion must be denied

The Defendant cites *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799 (7th Cir. 2007) to argue the proposition that "the law disfavors default judgments" (Plaintiff's Motion, at Paragraph 4, citing *Sun* at 811), but fails to acknowledge that *Sun*, in actuality, augurs against his entire argument, when it states that "[i]n order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun*, 473 F.3d at 809-810. This is the correct standard and

is developed through the Seventh Circuit's caselaw. Nevertheless, the Defendant has not satisfied any of these three conditions.

The Defendant has not shown good cause for the default. He represents that he was "unaware that he was somehow involved" in this matter until he learned of a judgment being entered against him. He just didn't know.

Even if true (there is no evidence offered, for that proposition), the Defendant's explanation is noteworthy for what it omits – any explanation for *why* he didn't know. He has not argued that service was insufficient or unsatisfactory under the Federal Rules of Bankruptcy Procedure. He has not represented that he was somehow unable to receive mail at the place he was served. He shrugs the whole matter away.

Furthermore, this matter arises out of the Defendant's parents' bankruptcy – the Porsche at issue, then, as now, remains titled in Stephen Laketek's name. The Trustee, seeking to detangle this knot, initially endeavored to recover the car from the Defendant's parents. They were, and are, were represented by counsel, who appeared at the Trustee's earlier, various efforts to recover the automobile and who regularly advised that Gregory had control and custody of the car. In their motion to vacate a turnover order as to the vehicle, they represent "The Debtors do not have possession of the vehicle, which is the subject of the Trustee's motion… the vehicle does not belong to the Debtors." It beggars belief to suggest that their counsel wouldn't keep Stephen and Fran Laketek informed of court matters concerning them, and that Stephen and Fran Laketek wouldn't even mention, *en passant*, the matter to their adult son. Gregory has failed to show good cause for having been in default, and failure to show such good cause for its default is, alone, a sufficient basis to refuse to set aside a default judgment. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 46 (7th Cir. 1994).

<u>The Defendant has not taken quick action to correct the default.</u> The Defendant's attorney's appearance was fifty days after the default was entered, and the instant motion was filed more than four months after that appearance. This is not "quick." The Seventh Circuit has held that four weeks was longer than "quick action," in an instance in which a moving party was, for some of that time, held in solitary confinement. *Jones v. Phipps*, 39 F.3d 158 (7th Cir. 1994).

While the Defendant has provided documents and has appeared for examination. This does not implicate the default, or, even, this adversary proceeding at all. It was on April 12, 2016, in the underlying bankruptcy case, that the Trustee obtained his order allowing him to examine Gregory Laketek, and his business, West Loop Salumi Holdings, LLC.

<u>Defendant has not suggested he has a meritorious defense to the Complaint</u>. All three criteria must be satisfied for the default judgment to be vacated. The Defendant may yet be able to satisfy this third criterion, but he has not done so to date. The Defendant has failed to answer the complaint, and the Defendant has failed to offer a cogent defense with affidavit or sworn statement under penalty of perjury. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defaulting a default judgment, but rather one which at lease raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d. 165. The Defendant grasps at straws, offering a number of inchoate legal theories, developing none.

The default judgment order entered against the Defendant provides either that he shall provide the vehicle, or a sum of money, based on the Trustee's understanding of the value of the vehicle in his professional expertise. The value of the vehicle is of no particular moment; the Trustee has always sought the vehicle itself, first and foremost, to avoid the muddying that the Defendant now endeavors to undertake. (The Trustee's Motion allows that the estimated value of the car ranged $27,450 to $51,400.) The Defendant has provided no receipts, no documentation,

or any other information indicating the value of the work that he performed on the vehicle on or after the date of filing the petition, December 3, 2014.

The Defendant's testimony at the examination was that the vehicle was sold, during the pendency of the bankruptcy case to an unknown party, who has never transferred title to himself (the Plaintiff's professionals ran a search on the VIN number immediately before filing this Response, it is attached). This is insufficient, and while not impossible, so implausible that it can hardly be said to qualify as "meritorious."

The Defendant asserts that he "owned the Porsche." This is a matter of state law, however. He seems to be suggesting that his Stephen's being on title to the vehicle was akin, under Illinois law, to his holding the vehicle in some sort of trust for Gregory. This, too, is not developed by theory or elaboration with reference to the facts of the matter, though the burden is on the Defendant to do so.

The Trustee understands that the Defendant was involved in this matter by circumstance; he did not file a bankruptcy case himself. The Trustee has been nothing but solicitous, and will continue to be solicitous. However, the Defendant has not met the high burden required by Rule 60(b), has not satisfied the Seventh Circuit's standards for vacating a default judgment, and given the circumstances, the default judgment must stand while the Trustee unwinds this matter for the benefit of the Laketeks' estate.

**DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtors' Estate**

By:  /s/ David P. Leibowitz
      David P. Leibowitz (ARDC # 1612271)
      Lakelaw
      53 W. Jackson, Suite 1610
      Chicago, IL 60604
      847.249.9100